IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DINÉ CARE and NATIONAL PARKS
CONSERVATION ASSOCIATION,

    Plaintiffs,

v.

UNITED STATES ENVIRONMENTAL
PROTECTION AGENCY and LISA P.
JACKSON,

    Defendants.

_____/

No. C 12-03987 JSW

**ORDER TO SHOW CAUSE RE VENUE**

    This matter was transferred by order of the United States District Court for the District of Columbia granting a stipulation of the parties to transfer the portion of the original complaint pertaining to the Navajo Generating Station (located in Arizona) to this Court and to transfer the portion of the original complaint pertaining to the Four Corners Power Plant (located in new Mexico) to the United States District Court for the District of New Mexico. Although the parties appear to have agreed to transfer, it is not clear that venue is proper in this Court concerning the property located in Arizona.

    Pursuant to 28 U.S.C. to § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally, for the convenience of the parties and witnesses, and in the interest of justice. The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in a

judicial district where any defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or a judicial district in which any defendant may be found.

District courts use a two-step analysis to determine whether transfer is proper. Step one considers the threshold question of whether the action might have been brought in the district to which transfer is sought. *Id.* If venue is proper in the transferee district, the district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Steward Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The court considers relevant factors, such as the plaintiff's choice of forum, the local interest in the issue, the relative ease of access to evidence, the availability of compulsory process for unwilling witnesses and the cost involved in securing willing witnesses, the familiarity of each forum with applicable law, and the relative court congestion in each forum. *Decker Coal. Co. v. Commonwealth Edison Co*, 805 F.2d 834, 843 (9th Cir. 1986) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-09 (1947)).

Accordingly, Plaintiff is HEREBY ORDERED to show cause in writing by no later than June 10, 2013 as to why this case is properly venued in this District.

**IT IS SO ORDERED.**

Dated: June 4, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE