IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINÉ CARE and NATIONAL PARKS CONSERVATION ASSOCIATION,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and LISA P. JACKSON,<br><br>    Defendants. | No. C 12-03987 JSW<br><br>**ORDER GRANTING DEFENDANT AND INTERVENOR'S MOTIONS FOR SUMMARY JUDGMENT AND DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

    Now before the Court are the parties' cross motions for summary judgment. Plaintiffs Diné Care and National Parks Conservation Association (collectively "Plaintiffs") move to have the Court issue an order requiring Defendant, the United States Environmental Protection Agency and Lisa Jackson in her official capacity as administrator (collectively "EPA"), issue a final rule within one year that establishes Best Available Retrofit Technology for the Navajo Generating Station. The EPA and the intervenor-defendant Salt River Project Agricultural Improvement and Power District ("Intervenor") each cross-move for summary judgment on the basis that the Court lacks subject matter jurisdiction to hear Plaintiffs' complaint under the Clean Air Act ("CAA"). Having considered the parties' pleadings and the relevant legal authority, the Court hereby GRANTS the EPA's and Intervenor's motions for summary judgment. The Court finds that it lacks subject matter jurisdiction of this citizen suit and dismisses the action.

**BACKGROUND**

In this citizen suit, Plaintiffs allege that the EPA have unreasonably delayed promulgating a final rule establishing Best Available Retrofit Technology ("BART") for the Navajo Generating Station ("NGS" or "Station"). The Station is a coal-fired power plant located on the Navajo National Indian Reservation located in northern Arizona, approximately 12 miles from the eastern edge of Grand Canyon National Park. Plaintiffs contend that the EPA's regulations create a mandatory duty requiring the EPA to make a BART determination for certain sources of air pollution within Indian territory. Plaintiffs allege that the CAA requires the EPA to "remedy unhealthful, scenery-impairing air pollution in protected national parts and wilderness areas in the American Southwest." (Complaint at ¶ 1.) Plaintiffs allege that pollution from the Station has "plagued the Grand Canyon since coal was first fed to its boilers over thirty years ago." (*Id.* at ¶ 10.) They further allege that on an annual basis, the Station discharges into the air of the Southwest over 34,000 tons of nitrous oxides, 1,900 of particulate matter, 3,690 tons of sulfur dioxide, and 20 million tons of carbon dioxide. (*Id.* at ¶ 11.) Plaintiffs allege this pollution has caused visibility impairment which requires that the EPA mandate the installation and operation of BART.

Plaintiffs further allege that the EPA provided written notification to the operators at the Station that regional BART analyses were required because the facility was BART-eligible. (*See id*. at ¶ 31; *see also* Motion Statement of Facts at ¶ 9; Ex. 4 (email from EPA employee indicating that the "EPA will stipulate that 'EPA has considered NGS to be BART-eligible and subject to BART since July 22, 2007.'").)

Plaintiffs have filed this action to have the Court declare that the EPA's failure to promulgate final BART determination for the Navajo Generating Station constitutes a failure to perform a nondiscretionary duty without unreasonable delay. Plaintiffs also seek to have this Court order the EPA to issue final BART determinations forthwith. (*See* Complaint at ¶ 52.) The EPA and Intervenor seek to dismiss Plaintiffs' action on the ground that the Court lacks subject matter jurisdiction to entertain this matter.

## ANALYSIS

Plaintiffs contend that this Court has subject matter jurisdiction under the citizen suit provision of the CAA. 42 U.S.C. § 7604(a)(2). This provision of the CAA waives the government's sovereign immunity as to a claim "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary . . . ." *Id.* If sovereign immunity is waived under this provision, then the Court is vested with subject matter jurisdiction. If, however, sovereign immunity has not been waived, the Court lacks subject matter jurisdiction to hear the matter. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) (holding that absent an express waiver of sovereign immunity, the United States is not amenable to suit). As a rule of statutory construction, any waiver of sovereign immunity must be narrowly construed in favor of the government. *See U.S. Dep't of Energy v. Ohio*, 503 U.S. 607, 6115 (1992).

Pursuant to the plain language of the CAA, a person may only bring an action to compel the Administrator to perform a duty that is "not discretionary." 42 U.S.C. § 7604(a)(2). Accordingly, the Court first must determine whether the duty allegedly neglected is a mandatory duty or a duty that was merely discretionary. *See Sierra Club v. Leavitt*, 355 F. Supp. 2d 544, 549 (D.D.C. 2005). Plaintiffs allege that although the EPA started the process of determining the best technology for the project, the EPA has not issued a final BART determination in violation of 40 C.F.R. § 49.11. This regulation governs the EPA's authority to adopt federal plans for tribal lands. *See* 42 U.S.C. § 7601(d)(4). The question of whether this regulation requires conduct by the Administrator that is not discretionary calls for an interpretation of the regulation, which is discernable from the language of the regulation itself.[1]

In 1998, the EPA promulgated regulations at 40 C.F.R. Part 49 which are referred to as the Tribal Authority Rule ("TAR") relating to the implementation of CAA programs on tribal

---

[1] The Court does not find persuasive or binding the dicta in the footnote of *Maine v. Thomas*, 874 F.2d 883, 888 n.7 (1st Cir. 1989), which indicates that the only non-discretionary duties under the CAA must be statutory and not regulatory. *See Leavitt*, 355 F. Supp. 2d at 556 (holding that under the CAA, the phrase "under this chapter" encompasses both the statutory obligations imposed in the Act itself, and the regulatory obligations promulgated under the auspices of the Act.")

3

lands. The TAR allows the EPA to treat eligible Indian tribes in the same manner as states "with respect to all provisions of the [CAA] and implementing regulations, except for those provisions [listed] in § 49.4 and the [EPA] regulations that implement those provisions." 40 C.F.R. § 49.3.

According to 40 C.F.R. § 49.11, the EPA Administrator

(a) Shall promulgate without unreasonable delay such Federal implementation plan provisions as are necessary or appropriate to protect air quality, consistent with the provisions of section 304(a) and 301(d)(4), if a tribe does not submit a tribal implementation plan [TIP] meeting the completeness criteria of 40 C.F.R. part 51, appendix V, or does not receive EPA approval of a submitted tribal implementation plan.

Plaintiffs contend that the EPA finding in 2007 that the Station was eligible for and subject to BART requirements was tantamount to its finding that it was both necessary and appropriate to promulgate BART determinations without unreasonable delay pursuant to 40 C.F.R. § 49.11. Plaintiffs argue that the EPA's BART eligibility determination triggered a mandatory legal duty pursuant to the regional haze regulations which provide that "[t]he State . . . must submit a determination of BART for each BART eligible source." at 40 C.F.R. § 51.308(e)(1)(ii).

However, Plaintiffs' contentions lack merit. First, the EPA's stipulation that the Station was eligible for BART did not trigger the provision of 40 C.F.R. § 49.11 which requires the EPA to promulgate an implementation plan without unreasonable delay. And second, the provision cited by Plaintiffs requiring the State to submit a determination for each eligible BART source does not apply to the Tribe or to the EPA.

Plaintiffs cite the alleged finding by the EPA in 2007 that the Navajo Generating Station was eligible for and subject to BART requirements. In making this citation, Plaintiffs contend that this finding constituted a formal determination that BART implementation was necessary and appropriate. It follows then, according to Plaintiffs, that such an implementation by the EPA is both nondiscretionary and must be promulgated without reasonable delay. However, Plaintiffs' contention is based upon the faulty premise that the 2007 finding was a formal determination that BART implementation was necessary and appropriate. Such a formal determination must follow a thorough notice and comment process. *See Arizona Public Service*

4

1  *Co. v. EPA*, 562 F.3d 1116, 1125 (10th Cir. 2009) (holding that under tribal regulation, formal
2  federal process requires implementation plan under Section 110 of the CAA, 42 U.S.C. §
3  7410(a)(2)(A)).  Only after such a formal process has been completed does the plan itself have
4  to be promulgated without reasonable delay.  It is clear from the record before this Court that
5  the process to make such a formal determination has not been completed, although the Court
6  exhorts the EPA to proceed with efficiency.[2]

7  Second, Plaintiffs' insertion of the EPA in the quoted passage of the regulation
8  notwithstanding, the provision upon which Plaintiffs rely to impose a nondiscretionary duty on
9  the EPA does not actually impose such a duty on the agency, but rather on the States.  *See, e.g.,*
10  40 C.F.R. § 51.308(e)(1)(ii).  The provisions of the EPA's visibility regulations impose those
11  regulations on the States, not on the EPA.  *See generally* 40 C.F.R. Part 51, Subpart P, §§
12  51.300-.309; *see also id.* § 51.300(a) ("The primary purposes of this subpart are to require
13  States to develop programs to assure reasonable progress toward meeting the national goal of
14  preventing any future, and remedying any existing, impairment of visibility in mandatory Class
15  I Federal areas . . . ."); *id.* § 51.308(e) ("The State must submit an implementation plan
16  containing emission limitations representing BART . . . ."); *id.* § 51.308(e)(1)(ii) ("To address
17  the requirements for BART, the State must submit an implementation plan containing . . . [a]
18  determination of BART for each BART-eligible source in the State . . . .").

19  In an effort to avoid the application of these regulations to only the states and not to
20  tribes, Plaintiffs merely posit that the "EPA regulation accepted the mandatory duty imposed on
21  a tribe (as a state) to promulgate BART determinations for pollution sources on tribal land –
22  when a tribe does not make such a determination." (Opp. Br. at 3.)  Plaintiffs contend that
23  "[o]nce it became apparent that the Navajo Nation was not going to make a BART
24  determination for NGS, EPA was required to step in, pursuant to 40 C.F.R. § 49.11, and
25  complete this task without unreasonable delay." (*Id.* at 5.)

---

28   [2] It appears that the deadline for submission of public comments was May 6, 2013.  The process should proceed with all due speed.

5

However, under the operative regulations, tribes and states are not always treated in the same manner. There is no duty imposed on tribes to promulgate or submit implementation plans. *See* 40 C.F.R. § 51.308(a)(1)(ii) (EPA's regional haze regulation require only that "the State must submit an implementation plan" promulgating BART determinations for applicable sources). The specific terms of the regulations make clear that they only confer such duties upon the states. Under the TAR, only "[t]ribes meeting eligibility criteria of § 49.6 shall be treated in the same manner as States" for any CAA program. 40 C.F.R. § 49.3. The criteria for eligibility listed in this section include the requirement that the tribe "is reasonably expected to be capable, in the EPA Regional Administrator's judgment, of carrying out the functions to be exercised" for the specific CAA program. *Id.* § 49.6(d). Without this determination by the regional administrator, a tribe will not be treated the same way as a state for the purpose of any CAA program, including regional haze program. As the Navajo Tribe has made no formal request for a determination of such eligibility, the EPA does not have the authority to treat the tribe as it would a state for purposes of BART determination for the Station. *See* 42 U.S.C. § 7601(d)(2). Accordingly, the Court cannot find that EPA has a mandatory obligation under the regulations.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the EPA's and Intervenor's motions for summary judgment. The Court finds that it lacks subject matter jurisdiction of this citizen suit and dismisses the action. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 3, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE